## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

| | | | |
|---|---|---|---|
| **MICHAEL B. STAMBAUGH** | } Debtor(s) | Chapter: | **13** |
| **ALVIN B. STAMBAUGH**<br>**GUY A. STAMBAUGH** | } Plaintiff(s) | Case Number: | **1-12-bk-07007 RNO** |
| | vs. | | |
| **MICHAEL B. STAMBAUGH** | } Defendant(s) | Adversary No: | **1-14-ap-00246 RNO** |

### OPINION[1]

A Motion to Dismiss the original Complaint in this non-dischargeability action was previously granted, with leave to amend. The Plaintiffs/Creditors timely filed an Amended Complaint which the Debtor moved to dismiss. For the reasons stated below, I will grant the Motion to Dismiss the Amended Complaint, but allow twenty-one days to file an amended complaint which conforms with this Opinion.

### I.      Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II.      Facts and Procedural History

Michael B. Stambaugh ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 12, 2012. The Debtor filed the required schedules and statements as well as a Chapter 13 plan and the § 341 meeting of creditors has been held.

The subject Adversary Proceeding was commenced by an original Complaint, filed on November 10, 2014, by Alvin B. Stambaugh and Guy A. Stambaugh (jointly, "Plaintiffs"). The

---

[1]      Drafted with the assistance of William J. Schumacher, Law Clerk.

original Complaint contained fifteen numbered paragraphs and one exhibit, a petition filed by the

Plaintiffs in state court. The Debtor moved to dismiss the original Complaint on various

grounds. After briefing and oral argument on January 29, 2015, Judgment was entered

dismissing the original Complaint for failure to state a claim under 11 U.S.C. § 523(a)(6).[2] The

judgment further provided:

> [T]he Motion to Dismiss the Complaint for alleged untimeliness is
> DENIED due to the issue of whether either of the Plaintiffs had
> notice or actual knowledge of the Chapter 13 case filed to Number
> 1-12-bk-07007 RNO prior to the March 25, 2013, dischargeability
> deadline; . . . .

Judgment, January 29, 2015, ECF No. 8. The Judgment also allowed the Plaintiffs twenty-one

days to file an amended complaint.

On February 9, 2015, the Plaintiffs timely filed an Amended Complaint. The Amended

Complaint contains seventeen numbered paragraphs, as well as the same exhibit which was

attached to the original Complaint. The Debtor has moved to dismiss the Amended Complaint

alleging various grounds; the matter has been briefed and oral argument was heard on April 23,

2015.

III.   Discussion

A.     Motion to Dismiss Amended Complaint for Failure to State a Claim Upon
       Which Relief Can be Granted.

The Motion to Dismiss the Amended Complaint alleges that the Plaintiffs have failed to

state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(b)(6)

provides that the defense of failure to state a claim upon which relief can be granted may be

---

[2]     Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. §
101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No.
109-8, 119 Stat. 37 ("BAPCPA").

2

raised by motion.  That Rule is made applicable to bankruptcy adversary proceedings by Federal

Rule of Bankruptcy Procedure 7012.  When considering an F.R.B.P. 7012(b)(6) motion to

dismiss, the court must determine, viewing the facts in the light most favorable to the non-

moving parties, whether the plaintiff has alleged a plausible claim for relief.  *Bell Atlantic Corp.,*

*et al. v. Twombly*, 127 S.Ct. 1955, 1966 (2007).

  The alleged facts are viewed in the light most favorable to the plaintiff.  Conversely,

legal conclusions are not assumed to be correct at the motion to dismiss stage.  *Ashcroft v. Iqbal*,

129 S.Ct. 1937, 1949 (2009).  In *Iqbal*, Justice Kennedy noted:

> While legal conclusions can provide the framework of a complaint,
> they must be supported by factual allegations.  When there are
> well-pleaded factual allegations, a court should assume their
> veracity and then determine whether they plausibly give rise to an
> entitlement to relief.

*Iqbal*, 129 S.Ct. at 1950.

  Decisions in the Third Circuit have clarified the plausibility standard.  In discussing,

*Iqbal*, *supra*, the Third Circuit noted:

> The District Court must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal conclusions.  Second, a
> District Court must then determine whether the facts alleged in the
> complaint are sufficient to show that the plaintiff has a plausible
> claim for relief.  In other words, a complaint must do more than
> allege the plaintiff's entitlement to relief.  A complaint has to
> "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations omitted).

*Also see*, *Tri-Valley Corporation, et al. v. DMJ Gas-Marketing Consultants, LLC*, 2015 WL

110074, *2 (Bankr. D.Del., Jan. 7, 2015); *In re Griffith*, 2014 WL 4385743, *3 (Bankr. M.D.Pa.,

Sept. 4, 2014).

3

When considering a motion to dismiss, the court considers the complaint, as well as attached exhibits and matters of public record. Fed. R. Bankr. P. 7010 (incorporating Fed. R. Civ. P. 10(c)). *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993); *Taylor v. Henderson*, 2015 WL 452405, *1 (D.Del., Jan. 30, 2015). Also, Federal Rule of Evidence 201 allows the court to take judicial notice of facts that are not subject to reasonable dispute. A bankruptcy court may take judicial notice of the docket entries in a case and the contents of the bankruptcy schedules to determine the timing and status of case events as well as facts not reasonably in dispute. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008); *In re Paolino*, 1991 WL 284107, *12, n.19 (Bankr. E.D.Pa., Jan. 11, 1991). I will take judicial notice of the dockets in the Debtor's underlying Chapter 13 case and in this Adversary Proceeding. I will take judicial notice of the contents of the bankruptcy schedules which are not in dispute.

I will proceed to consider the Motion to Dismiss the Amended Complaint, applying the above standards.

**B.      What are the General Elements to Prove a Non-Dischargeable Claim?**

In a non-dischargeability proceeding, the bankruptcy court must address two separate questions. First, does the plaintiff/creditor hold an enforceable obligation under state law? Second, is the debt non-dischargeable under a provision of the Bankruptcy Code? *Black v. Gigliotti*, 514 B.R. 439, 444 (E.D. Pa. 2014); *In re August*, 448 B.R. 331, 346 (Bankr. E.D.Pa. 2011). A bankruptcy court looks to state law to determine whether there is an enforceable claim against the debtor. *In re Hazelton*, 304 B.R. 145, 150 (Bankr. M.D.Pa. 2003).

As noted above, an exhibit was filed with the Amended Complaint. The exhibit is a petition which was filed by the Plaintiffs in the York County Court of Common Pleas, Orphans' Court Division ("State Court Petition"). Generally, the State Court Petition alleges that the plaintiff, Alvin Stambaugh, was the settlor of a revocable trust known as the Stambaugh Family Trust ("Trust"). It also alleged that the plaintiff, Guy Stambaugh, and the Debtor are two of the six beneficiaries of the Trust. The State Court Petition alleges that the Debtor serves as trustee of the Trust. It further alleges that the trustee mortgaged certain real property held by the Trust in contravention of the terms of the trust agreement. The revocable inter vivos trust agreement was attached as an exhibit to the State Court Petition and also was filed with the Amended Complaint. The State Court Petition seeks three forms of relief: (1) removal of the Debtor as trustee; (2) surcharge of the Debtor as trustee; and, (3) voiding of certain mortgages allegedly granted by the Debtor as trustee of the Trust.

A determination of whether the Plaintiffs have stated a plausible claim will ultimately be based upon Pennsylvania law. However, I think it is important to note that the Bankruptcy Code broadly defines the term "claim." Section 101(5), in part, provides the term means:

> [R]ight to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; . . . .

The United States Supreme Court has noted that the term "claim," has the "broadest available definition . . . ." *F.C.C. v. NextWave Pers. Commc'ns, Inc.*, 123 S.Ct. 832, 839 (2003); *Also see*, *In re Ruitenberg*, 745 F.3d 647, 651-53 (3d Cir. 2014); *In re Grossman's Inc.*, 607 F.3d 114, 121 (3d Cir. 2010). I will next address whether Alvin and Guy Stambaugh hold enforceable claims against the Debtor.

The State Court Petition seeks removal of the Debtor as trustee of the Trust. Removal of a trustee requires a strong showing under Pennsylvania law. The Pennsylvania Superior Court has noted:

> Our Supreme Court has recognized, however, that "the removal of a trustee is a drastic remedy, and the need for such action must be clear." As stated in *White*, consideration of removal under section 3182 "must be viewed in conjunction with the settlor's expressed confidence in the trustee, evinced by the trustee's appointment" and "where a settlor appoints a particular trustee, removal should only occur when required to protect the trust property." Finally, ordinarily removal cannot occur unless some fiduciary duty has been violated, and the "mere displeasure of a beneficiary" is not sufficient reason for removal.

*In re Estate of Mumma*, 41 A.3d 41, 49-50 (Pa.Super. 2012) (internal citations omitted). Further, the removal of a fiduciary is a drastic step to be taken only when necessary to protect property of the estate. *In re Pitone's Estate*, 413 A.2d 1012, 1016 (Pa. 1980). The State Court Petition alleges that the Debtor encumbered property of the Trust in violation of the underlying trust agreement. I conclude that the Plaintiffs have unliquidated, enforceable claims against the Debtor in this regard.

Secondly, the State Court Petition seeks to surcharge the Debtor. A surcharge is a penalty imposed on a trustee for failure to exercise common prudence, skill, and caution in the performance of its fiduciary duty resulting in a want of due care. *Estate of Pew*, 655 A.2d 521, 541 (Pa.Super. 1994). By statute, "a trustee shall administer the trust solely in the interests of the beneficiaries." 20 Pa.C.S.A. § 7772(a). The purpose of a surcharge is to compensate beneficiaries for the losses they incur as the result of a trustee's failure to exercise the appropriate standard of care. *In re Scheidmantel*, 868 A.2d 464, 492 (Pa.Super. 2005). Under Pennsylvania law, those who seek to surcharge a trustee have the burden of proving both the

6

breach of a fiduciary duty and that a related loss occurred. *Estate of Lychos*, 470 A.2d 136, 142 (Pa.Super. 1983). A fiduciary who has negligently caused a loss to an estate may be properly surcharged for the amount of such loss. To obtain a surcharge, the petitioner must prove the particulars of the trustee's wrongful conduct. *In re Killey's Estate*, 326 A.2d 372, 375 (Pa. 1974).

Under Pennsylvania law, a primary duty of a trustee is to preserve the assets of the trust. Once a beneficiary succeeds in proving that the trustee committed a breach of duty and that a related loss occurred, the burden shifts to the trustee to prove that the loss would have occurred in the absence of the breach of that duty. *Lychos*, 470 A.2d at 141-42. A trustee who commits a breach of trust is liable to the affected beneficiaries. 20 Pa.C.S.A. § 7782(a). Also, to remedy a breach of trust, the state court may order the trustee to file an account. 20 Pa.C.S.A. § 7781(b)(4). It is significant to me that Section V of the underlying trust agreement names the plaintiff, Guy Stambaugh, as one of the income beneficiaries of the Trust. Income beneficiaries have been held to have a vested right to the income of the trust from its creation. *In re Norvell's Estate*, 203 A.2d 538, 542 (Pa. 1964). Based upon Pennsylvania law, I conclude that at least the plaintiff, Guy Stambaugh, has pled an enforceable, unliquidated claim for a surcharge against the Debtor.

Thirdly, the State Court Petition requested that certain mortgages, granted by the Debtor as trustee of the Trust, be voided by the state court. I have significant concerns regarding the potential effect of any findings I might make in this regard on the third party mortgagees. In any event, I have already determined that the Plaintiffs hold enforceable claims and, therefore, I will proceed to consider whether a plausible claim for non-dischargeability has been pled.

7

**C.    Requirements to Allege Non-Dischargeability Under § 523(a)(3)(B).**

The Amended Complaint only includes one reference to a provision of the Bankruptcy

Code.  Namely, paragraph seventeen of the Amended Complaint reads:

> Plaintiffs aver that the action pursued against Debtor is excepted
> from discharge according to 11 U.S.C. § 523(a)(3)(B).

Amended Complaint, February 9, 2015, ECF No. 10.  That subsection of the Bankruptcy Code

provides a Chapter 13 discharge does not discharge an individual debtor from any debt:

> [I]f such debt is of a kind specified in paragraph (2), (4), or (6) of
> this subsection, timely filing of a proof of claim and timely request
> for a determination of dischargeability of such debt under one of
> such paragraphs, unless such creditor had notice or actual
> knowledge of the case in time for such timely filing and request;

11 U.S.C. § 523(a)(3)(B).

I take judicial notice that the Plaintiffs were not scheduled as creditors in the schedules

which the Debtor filed in the Chapter 13 case.  The case docket reflects that the deadline for

objecting to dischargeability was set for March 25, 2013.  The original Complaint was filed on

November 10, 2014.  At first blush, it would appear that the Complaint was untimely filed.  Fed.

R. Bankr. P. 4007(c).  However, at this stage, in viewing the facts in the light most favorable to

the Plaintiffs, I will assume that they did not have notice of the bankruptcy filing in time to file a

timely request for a determination of dischargeability.  Further, at this stage, there is no record

from which I can determine whether or not the Plaintiffs had notice or actual knowledge of the

Debtor's Chapter 13 filing in time to make a timely request for non-dischargeability.

Consideration of the Bankruptcy Code's treatment of claims under § 523(a)(2), (4), or (6)

("Intentional Tort Debt") will provide context for what I decide today.  Section 523(c)(1)

generally provides that such claims will be discharged:

8

> [U]nless, on request of the creditor . . . the court determines such
> debt to be excepted from discharge . . . (under one of the three
> subsections).

There is an important exception to the rule that such claims will be discharged, unless the

creditor requests a determination of non-dischargeability.  Section 523(c)(1) begins:

> Except as provided in subsection (a)(3)(B) of this section, the
> debtor shall be discharged from a debt of a kind specified in
> paragraph (2), (4) or (6) . . . .

(emphasis added).

Thus, Congress provided different treatment for the claim of an unscheduled holder of an

Intentional Tort Debt, so long as he did not have notice or actual knowledge of the bankruptcy

filing in time to request a finding of non-dischargeability.

The United States Court of Appeals for the Third Circuit thus summarized these

provisions:

> Section 523(a)(3)(B) excepts from discharge "intentional tort"
> debts that were not listed.  Since section 523(c) provides that the
> dischargeability of these debts must be determined by the
> bankruptcy court and Bankruptcy Rule 4007(c) requires a
> complaint to be filed before the discharge is entered, section
> 523(a)(3)(B) preserves the right of these creditors to litigate the
> dischargeability of their debts.

*Judd v. Wolfe*, 78 F.3d 110, 114 (3d Cir. 1996) (describing § 523(a)(2), (4), or (6) claims as

"intentional tort" debts); *also see*, *In re Beezley*, 994 F.2d 1433, 1436 (9th Cir. 1993)

(§ 523(a)(3)(B) excepts intentional tort debts from discharge, despite the creditor's failure to

timely file a non-dischargeability complaint - so long as the creditor did not know of the

bankruptcy in time to file such a complaint).

9

In the instant case, the Plaintiffs' original Complaint cited "11 U.S.C. 523(6)" [sic]. Complaint to Avoid Discharge of Debt, November 10, 2014, ECF No. 1, ¶ 15. I believe this was an attempt to plead the conclusion that the Plaintiffs' debts were non-dischargeable under the willful and malicious injury subsection, § 523(a)(6). In the Amended Complaint, the only statutory reference is to § 523(a)(3)(B).

It is also noteworthy that no discharge has been entered in the Debtor's underlying Chapter 13 bankruptcy case. I also take judicial notice that the Debtor's Chapter 13 plan has not been confirmed. A continued confirmation hearing is presently scheduled for June 3, 2015.

Let us return to § 523(a)(3)(B), which was pled in the Amended Complaint. The wording of § 523(a)(3)(B), which I quoted above, is not a model of legislative clarity. This may help to explain why bankruptcy courts have reached differing interpretations concerning the subsection's requirements. A general rule of statutory construction is that when a statute's language is plain, the sole function of the courts, at least where the disposition required by the text is not absurd, is to enforce it according to its terms. *Lamie v. U.S. Trustee*, 124 S.Ct. 1023, 1030 (2004); *In re Price*, 370 F.3d 362, 368 (3d Cir. 2004); *In re Williams*, 346 B.R. 361, 365 (Bankr. E.D.Pa. 2006).

Part of the statute's plain language, which is of import to me is the beginning phrase, "if such debt is <u>of a kind</u> specified in paragraph (2), (4), or (6) of this subsection, . . . ." (Emphasis added). This appears to establish a precondition that a claim for non-dischargeability of an Intentional Tort Debt must be pled for § 523(a)(3)(B) to apply. Bankruptcy Judge Lundin considered the requirements of the "of a kind" language in the case of *In re Jones*, 296 B.R. 447 (Bankr. M.D.Tenn. 2003). The creditor sought summary judgment with a finding that its debt

10

was non-dischargeable pursuant to § 523(a)(3)(B).  Judge Lundin denied the motion for summary judgment, finding that the creditor had to shoulder the burden of proving the merits of a claim under § 523(a)(2), (4), or (6).  *Id*. at 451-52.  An older case, *In re Haga*, 131 B.R. 320 (Bankr. W.D.Tex. 1991), suggests that a more relaxed standard is appropriate.  Bankruptcy Judge Monroe wrote the *Haga* opinion after trial.  He concluded that the statutory phrase "of a kind" in § 523(a)(3)(B) only required a creditor to show that it had a viable or colorable claim that its debt was non-dischargeable under § 523(a)(2), (4), or (6).  *Id*. at 327.  It has also been held that if a creditor cannot meet its evidentiary burden to establish non-dischargeability under § 523(a)(2), (4), or (6), it will likewise be unable to sustain its burden under § 523(a)(3)(B) showing that it holds a debt "of a kind" specified in the statute.  *In re Sieger*, 360 B.R. 653, 656-57 (Bankr. N.D. Ohio 2007).

I have considered the language of the Bankruptcy Code as well as the above cases and their procedural postures.  None of the above cases considered motions to dismiss a complaint.  Further, all of the cited decisions were decided prior to *Bell Atlantic Corp. v. Twombly*, *supra*, and *Ashcroft v. Iqbal*, *supra*.  Based on the above, I conclude that the appropriate requirement here is that the Plaintiffs must plead a plausible claim for non-dischargeability under § 523(a)(2), (4), or (6) as a predicate for the pleading of a plausible claim under § 523(a)(3)(B).  I will proceed to consider the requirements to state a plausible claim under the "of a kind" subsections.

**D.      Required Elements to Allege a Claim Under § 523(a)(2).**

Section 523(a)(2)(A) of the Bankruptcy Code excepts from discharge a debt obtained by false pretenses or actual fraud.  Four elements must be proven by a preponderance of the evidence to establish such a claim for non-dischargeability.  The creditor bears the burden of

11

proving the following:

1.  the debtor made a representation of fact that he or she knew
    at the time was false or contrary to his or her true
    intentions;
2.  the debtor made the representation with the intent and
    purpose of deceiving the creditor;
3.  the creditor justifiably relied on the such representation;
    and
4.  the creditor suffered a loss or damages as a proximate
    cause of the false representation or act.

*In re Coley*, 433 B.R. 476, 491 (Bankr. E.D.Pa. 2010); *also see*, *In re Adalian*, 474 B.R. 150, 160

(Bankr. M.D.Pa. 2012).

Section 523(a)(2)(B) of the Bankruptcy Code excepts from discharge:

[A] debt obtained by "use of a statement in writing - (i) that is
materially false; (ii) respecting the debtor's or an insider's
financial condition; (iii) on which the creditor to whom the debtor
is liable for such money, property, services, or credit reasonably
relied; and (iv) that the debtor caused to be made or published with
the intent to deceive."

*In re Feldman*, 500 B.R. 431, 436 (Bankr. E.D.Pa. 2013) (quoting from § 523(a)(2)(B)); *also*

*see*, *Coley*, 433 B.R. at 492.

The Amended Complaint makes no mention of § 523(a)(2)(A) or (B).  Further, none of

the factual elements to state a non-dischargeability claim under § 523(a)(2)(A) or (B) have been

pled.

**E.      Required Elements to Allege a Claim Under § 523(a)(4).**

Section 523(a)(4) of the Bankruptcy Code excepts from discharge a debt "for fraud or

defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . . ."  The United

States Supreme Court recently clarified the requirements of the term "defalcation" which is used

in the statutory subsection.  The Court concluded that something more than simple negligence by

12

a fiduciary was required.  Justice Breyer, writing for the Court, said:

> Thus, where the conduct at issue does not involve bad faith, moral
> turpitude, or other immoral conduct, the term requires an
> intentional wrong.  We include as intentional not only conduct that
> the fiduciary knows is improper but also reckless conduct of the
> kind that the criminal law often treats as the equivalent.  Thus, we
> include reckless conduct of the kind set forth in the Model Penal
> Code.  Where actual knowledge of wrongdoing is lacking, we
> consider conduct as equivalent if the fiduciary "consciously
> disregards" (or is willfully blind to) "a substantial and unjustifiable
> risk" that his conduct will turn out to violate a fiduciary duty. . . .

*Bullock v. BankChampaign, N.A.*, 133 S.Ct. 1754, 1759 (2013).

Bankruptcy Judge Frank discussed *Bullock* in his decision of *In re Pearl*, 502 B.R. 429

(Bankr. E.D.Pa. 2013).  He wrote:

> I read *Bullock* to create two (2) scienter levels that may constitute a
> nondischargeable defalcation under § 523(a)(4).  In one (1)
> category is a defalcation involving "bad faith, moral turpitude, or
> other immoral conduct," (such as self dealing).  In a second
> category is a defalcation requiring something less: "recklessness,"
> which the Court described as a conscious disregard of, or a willful
> blindness to, a substantial and unjustifiable risk.

*Pearl*, 502 B.R. at 440-41.

There is no reference in the Amended Complaint to § 523(a)(4).  I acknowledge that the

State Court Petition alleged that the Debtor as trustee took actions in contravention of the terms

of the trust agreement.  However, I find there are insufficient facts pled to state a plausible claim

for non-dischargeability under § 523(a)(4).

F.  **Required Elements to Allege a Claim Under § 523(a)(6).**

Section 523(a)(6) of the Bankruptcy Code excepts from discharge a debt "for willful and

malicious injury by the debtor to another entity or to the property of another entity;."  An action

is "willful" if it is intended to injure another party or has a substantial certainty of producing

13

injury.  *In re Conte*, 33 F.3d 303, 307 (3d Cir. 1994); *In re Webb*, 525 B.R. 226, 232 (Bankr.

M.D.Pa. 2015).  The maliciousness requirement has been interpreted differently for non-

dischargeability purposes than in other legal contexts.  Proof of malice in this context does not

require that the debtor act with subjective ill will toward the plaintiff/creditor.  It does require a

showing that the injury was wrongful and without just cause.  *In re Bayer*, 521 B.R. 491, 501

(Bankr. E.D.Pa. 2014).  *Also see*, *In re Grasso*, 497 B.R. 434, 445 (Bankr. E.D.Pa. 2013); *In re

Adalian*, 474 B.R. 150, 163 (Bankr. M.D.Pa. 2012).

        The Amended Complaint makes no citation to § 523(a)(6).  I recognize that the

willfulness and maliciousness of an injury can be drawn from the surrounding circumstances.

However, here, in addition to the absence of any reference to § 523(a)(6), there is an absence of

underlying alleged facts from which I can find a plausible claim under § 523(a)(6).

## IV.        Conclusion

        Legal conclusions in a complaint should serve as a framework for the stated claims.

Those legal conclusions should be buttressed by well pled facts which provide color and context

to the conclusions.  Such a combination of conclusions and facts can bridge the divide between a

claim which is merely possible, and one that is plausible.

        I have concluded that the Plaintiffs hold unliquidated claims against the Debtor.

However, they have failed to plead a plausible claim for non-dischargeability under

§ 523(a)(3)(B) because they failed to plead any plausible claim for non-dischargeability under §

523(a)(2), (4), or (6).  Therefore, a judgment will be entered granting the Motion to Dismiss for

failure to state a claim upon which relief can be granted.  I will allow the Plaintiffs twenty-one days leave to file a second amended complaint which conforms to this Opinion.

By the Court,

Date: May 14, 2015

_____
Robert N. Opel, II, Bankruptcy Judge
**(BI)**

15